## CHARLES T. HEWETT *vs.* JOHN J. SWIFT & others.

A joint action of tort, in the nature of trespass, may be maintained against a corporation and its servant, for a personal injury inflicted by the latter in discharging the duties imposed on him by the corporation, although they might have been equally well discharged without the use of undue or illegal force.

The president of a corporation is not made liable to an action for a personal injury, merely by transmitting an order of the corporation to a servant who in executing it uses illegal force; but if the order is issued by him on his own responsibility, he is liable.

TORT for an assault upon the plaintiff. The original defendants in the writ were John J. Swift and Henry Frothingham, Jr.; but after entry the writ was amended by joining the Fitchburg Railroad Company as a party defendant, under the statute.

At the trial in this court, before *Dewey*, J., the evidence showed that Frothingham was a servant of the company, and had charge of the freight in the freight depot at Charlestown, and the plaintiff, a boy of about fourteen years of age, was playing there and refused to leave when required to do so; and that, in pursuance of a regulation of the company, Frothingham thereupon proceeded to remove him forcibly, and in doing so kicked him and severely injured him. Swift was president of the company, and gave to Frothingham directions to keep boys out of the depot and to remove them therefrom. No other orders but the above to Frothingham from Swift or the company were proved.

Under instructions of the judge authorizing them to do so, the jury returned a verdict against all the defendants, with $2000 damages; and the defendants alleged exceptions.

*J. G. Abbott & H. C. Hutchins*, for the defendants. 1. There is no case which shows that the president of a corporation, who, in pursuance of his duty, communicates to another agent a reasonable order of the corporation, is liable in any form whatever for the result of an improper execution of the order by that agent; and he is not liable in law. 2. A corporation and its servant cannot be joined in one action to recover for an injury by the wilful act of the servant. The rule prescribed by the corporation was reasonable. The will of the corporation did not concur in the unreasonable act of the servant, and therefore it is not liable in trespass. *Parsons* v. *Winchell,* 5 Cush. 592. *Thames Steamboat Co.* v. *Housatonic Railroad,* 24 Conn. 40. *Lyons* v. *Martin,* 8 Ad. & El. 512. *M'Laughlin* v. *Pryor,* 4 Man. & Gr. 58. *M'Manus* v. *Crickett,* 1 East, 106. *Morley* v. *Gaisford,* 2 H. Bl. 442. Smith on Master and Servant, 172, 173. 3. The act of the servant being malicious, was just as much a departure from the order of the corporation as if he had stabbed the boy. The law does not subject a master to liability

for all his servant's acts while executing his order, but only for his acts in execution of the order. In this case, the act was a kick. For that wilful act, the corporation is not liable, as for the act of a servant. Besides; a joint action against both cannot be sustained, because the rule applicable to each is different. The servant is liable as a direct trespasser. The corporation can only be held liable by relation; on the ground that, having employed a servant, it must answer for his acts, if he exceeds his orders. This is not, therefore, a mere question of pleading *Crocker* v. *New London, Willimantic & Palmer Railroad,* 24 Conn. 249, 265. *Church* v. *Mansfield,* 20 Conn. 284. *Croft* v. *Alison,* 4 B. & Ald. 590. *Joel* v. *Morison,* 6 C. & P. 501. *Sleath* v. *Wilson,* 9 C. & P. 607. *Lamb* v. *Palk,* Ib. 629. *Roe* v. *Birkenhead, Lancashire & Cheshire Junction Railway,* 7 Exch. 36. *Sharrod* v. *London & Northwestern Railway,* 4 Exch. 580. *Gordon* v. *Rolt,* Ib. 365. *Middleton* v. *Fowler,* 1 Salk. 282.

*J. Q. A. Griffin,* for the plaintiff.

DEWEY, J. Upon the main question in the present case, the liability of the Fitchburg Railroad Company, the point can hardly be considered an open one, after the decision of this court in the case of *Moore* v. *Fitchburg Railroad,* 4 Gray, 465. The instructions to the jury were framed with particular reference to the decision in that case, and were intended to adopt and sanction nothing beyond what was there settled. That case may, upon a careful scrutiny, be found to have gone somewhat further than the decisions by other tribunals in the cases cited in behalf of the defendants, in charging the principal and agent in a joint action as trespassers in a case like the present. Indeed, this whole idea of charging a corporation for a trespass upon the person, would at an earlier period, not very remote, have been thought highly questionable, if not wholly unwarranted. It is now, however, universally conceded that corporations may be charged in trespass for personal injuries committed by their agents under their express order. They may also be so charged in all cases where such personal violence would be the probable and natural consequence resulting from the execution of the order given to their agents. But doubts and differences of opinion arise in

cases where the order to seize or remove a person from their premises is of such a character that it might be executed in a manner which in law would constitute no breach of the peace, nor subject any party to any liability for executing it. In cases of this character, where the agent, in the execution of the order, does it with such violence and in such a careless or wanton manner as to inflict an unjustifiable personal injury upon the person ordered to be taken and removed, the position has some-times been taken and maintained by adjudicated cases that the principal is not liable at all, or, if liable, that a claim for dam ages can only be enforced in an action on the case, and not in an action of trespass. This distinction we have not adopted but have held that an action may be maintained against a rail-road corporation for personal violence committed by its servant while acting in the discharge of its orders, although such orders might have been executed in such a manner as not to violate the legal rights of the party to whom force was applied. *Moore* v. *Fitchburg Railroad, ubi supra.*

Thus far we think it will be found that the doctrine of this court may well be maintained by authority. In the treatise of Smith on Master and Servant, 157, where this subject is fully discussed, it is said if the act be done in the execution of the authority given him by his master, the latter will be holden for wanton acts, if done in order to perform his orders. In the very recent English case of *Greenwood* v. *Seymour*, 4 Law Times, N. S. (1861) 835, where the conductor of a public conveyance ejected a passenger for what he deemed improper conduct, and in doing so committed acts of personal violence to such a degree as to cause great injury to the party, the principal was held liable therefor. The argument was pressed upon the court that the conductor was a trespasser, and that the principal should not be held for a trespass committed by his ser vant, but the court held otherwise, when the act complained of was done in the execution of the duties assigned to him by his master. That was an action on the case.

But this liability only attaches to the corporation while the servant is acting in the discharge of the duty thus assigned to

him.   While the rule is thus strictly limited, it imposes no un-reasonable liability, and seems proper and necessary for the protection of travellers upon their road.   The corporation have the selection of their agents, and they may properly be held responsible for their acts done in the execution of the duties assigned to them.

This court has sanctioned very fully the right of railroad corporations to adopt and enforce all reasonable regulations to secure the full enjoyment of their rights in the use of their depots, travelling cars, &c., without molestation from intruders.   It seems equally reasonable to charge them with a corresponding duty of selecting proper servants, and holding them responsible for injuries occasioned by their servants in the actual perform-ance of the duties required of them.

It is however objected that an action against the corporation for such misfeasance of their servant should have been an action on the case, and not one of trespass.   Under our present forms of pleading, both are included under our action of tort, and as a matter of form no difficulty would arise in this respect that could not be easily removed, if it existed.   But the objection taken lies deeper than that of the form of action merely, and questions the right to maintain a joint action of trespass against the corporation and their servant, in such a case as the present. If the corporation is chargeable in trespass for the act here complained of, then the joinder is proper, for in trespass all the actors are principals, and he who commands the act, as well as he who commits the trespass, may be joined.   That such action of trespass would lie against the corporation was directly held in *Moore* v. *Fitchburg Railroad,* already cited.   In the same case it was also assumed that a joint action would lie against the corporation and their servant.   It may be said that in that case this latter position was uncalled for.   It seems to be stated as an opinion intended to be enunciated, although on another ground it was suggested that the question did not arise.

As already intimated, it is only necessary to decide that, upon the facts as shown in the present case, trespass would lie against the corporation ; and the other branch of the question, the right

of joinder of these parties, follows as of course.  On the other hand, if the corporation could only be charged in an action on the case, they could not be joined.  *Parsons* v. *Winchell*, 5 Cush. 592.

To sustain the ruling in the present case, as well as that of *Moore* v. *Fitchburg Railroad*, it is only necessary to hold that where the corporation give an order to a servant to do an act which implies the use of force and personal violence to others, if the servant in the execution of that service goes beyond the proper limits as to the use of force, and commits a trespass by unjustifiable violence, and inflicts an injury by a blow or kick upon the person attempted to be removed, the corporation will be liable in an action of trespass therefor.

In the opinion of the court, the instructions given to the jury upon the question of the liability of the corporation were in accordance with the law as held by this court, and no ground exists for setting aside the verdict on that account.

A further question arises as to the liability of J. J. Swift, the president of the corporation.  As to this, we are of opinion that if Mr. Swift was, in his capacity of president of the corporation, the mere conduit for communication between the corporation and the agent in charge of the depot, transmitting to the latter the orders of the corporation as to removing persons from the platform who were mere intruders there, and did nothing more, he would not be liable in this action, and ought not to have been joined in the same.  On the other hand, if it was a personal order emanating from Mr. Swift, and under such order the injury was inflicted, he would be personally liable.  The course of the trial seems to have assumed that the order was of the former character, or at least this point was not distinctly passed upon by the jury.  If so, the verdict as respects Mr. Swift may be open to exception.  This objection may be cured by entering a discontinuance as to Mr. Swift, before taking judgment against the other parties, which may properly be allowed in the court in which the action is pending.  Upon such discontinuance being entered, the plaintiff will be entitled to judgment on the verdict against the other defendants.